**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MINDEN PICTURES, INC., <br>    Plaintiff, <br><br>   v. <br><br> SUP CHINA, INC., <br>    Defendant, | ) <br> ) <br> ) <br> )   Civil Action No.: <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT AND JURY DEMAND**

The plaintiff Minden Pictures, Inc. ("Minden Pictures"), by its undersigned attorney, R. Terry Parker, Esq., for its Complaint against the defendant Sup China, Inc. ("Defendant"), alleges as follows:

**SUBSTANCE OF THE ACTION**

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), 501.  Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

**PARTIES**

2. Minden Pictures is a California Corporation with a principal place of business at 9565 Soquel Drive, Suite 202, Aptos, California, 95003.

3. Upon information and belief, Defendant is a domestic business corporation registered in New York and operating a principal place of business at 1202 Lexington Avenue, Number 164, New York, New York 10019.

**JURISDICTION AND VENUE**

4. This is a civil action seeking damages and injunctive relief for copyright

1

infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

5.      Personal jurisdiction over Defendant is proper. Defendant is conducting business in this judicial district and committing torts in this state, including without limitation Defendant's copyright infringement, which causes harm in this state and judicial district.

6.      Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.      Minden Pictures and its Business**

7.      Founded in 1987, Minden Pictures is recognized as a premier provider of rights managed wildlife and nature stock photos and feature stories, with a collection that covers key aspects of natural history, ecology, biodiversity and endangered species from all continents including many remote and isolated regions.  Its photographic works represent the finest images by an award-winning group of natural history photographers including many regular contributors to National Geographic.

8.      These celebrated photographers have entered exclusive agreements with Minden Pictures whereby Minden Pictures is granted all rights needed to act as the exclusive agent and syndicator of the photographers' works, including the right to reproduction, distribution, public display and exploitation of the works.  In short, Minden Pictures takes care of the business of licensing the works of its photographers so that the photographers can spend their time and energy on making beautiful works of art.  To this end, Minden Pictures digitizes, captions and tags their images to market them on the company's website and other platforms and works with

distributors who help Minden Pictures place the works of its photographers.  Minden Pictures also maintains comprehensive records of licensing history for its images and spends considerable resources protecting the copyrights of our photographers to preserve intellectual property rights and ownership of images.

**B.     Minden Pictures' Battle with Infringements**

9.     One of the services Minden Pictures performs for its photographers is searching the internet for unauthorized uses of works from Minden Pictures' catalogue.  Policing the copyrights of Minden Pictures' photographers has been no easy task.  Back in the 1990s, Minden Pictures and its photographers were excited over the prospect that the internet would offer a huge boon for photo licensing as customers would seek reproduction rights for the new medium, adding to the revenues from print reproduction rights.  Instead, the internet was a huge opportunity for infringers.  Every image made available on the internet became, potentially, an unlawful distribution point—with the simple right click of a mouse, the image was free for the taking.  Minden Pictures has found infringers generating revenue from it images through prints, cards, calendars and a myriad of merchandise on platforms such as Etsy, Amazon and eBay.  The Copyrighted Work of Minden Pictures are stolen and submitted to other photo selling sites, including Shutterstock, EyeEm, Flickr, Agence France Presse, AP, Getty and others—with commissions being paid to some person other than Minden Pictures and its photographers.  In addition, its images are used without authorization in articles on websites and blogs where they are used to make otherwise unalluring articles more engaging.  Its animal images are particularly popularly as "click bait" for websites offering little more than photo slideshows cluttered with advertising.

10.     This rampant infringement diminishes and cheapens the value of the images and

threatens the existence of Minden Pictures.  It undermines the exclusivity of the Minden Pictures

catalogue and the advantages of its rights managed business model.  There is little value to the

exclusivity of its image if rampant illegal image use belies that exclusivity.  In addition,

infringement imposes great costs on Minden Pictures in terms of the considerable sums of money

and time that it is forced to spend on issuing and tracking cease and desist letters, takedown

letters, and researching and evaluating suspect uses.

11.     To combat online infringement, Minden Pictures has a three-pronged strategy: 1)

protection 2) prevention and 3) detection, which it diligently pursues.

12.     In order to protect against infringement, Minden Pictures registers its images with

the Library of Congress through the United States Copyright Office.  Obtaining these

registrations, though a costly process, gives Minden Pictures and its photographers legal standing

in federal court, without which Minden Pictures would be barred from seeking legal protection of

its copyrights.  To date, Minden Pictures has registered over 100,000 images from its catalogue.

Registering the images of its photographers is an undertaking that a number of photo agencies do

not bother with due to the time and expense.

13.     In order to protect against infringement, Minden Pictures is diligent about

ensuring its images are displayed with visible and digital copyright notices that serve as

copyright management information.  Minden Pictures advises its photographers to do the same

even though licensors are not required to display visible watermarks.  Minden Pictures also

provides guidance to its photographers on practices, customers and platforms to guard against

infringement.

14.     In order to detect infringements, Minden Pictures evaluated and enlisted various

technology companies who can detect online infringement by spydering or crawling the internet

and help recover some of our lost revenue.  Since the late 1990s, Minden Pictures has engaged a number of companies to detect infringement, including Digimarc, IP Archive, ImageRights International, Image Professionals, and PicScout.  We have used PicScout since 2015, ImageRights International since 2017 after a brief trial run in 2010, and ImageRights since 2017 to search the internet for infringement of images in our catalogue, which includes more than 100,000 images.

15.      When Minden Pictures, or its photographers, encounters an unauthorized use, it typically issues take down notices to protect our copyrights.  Minden Pictures then engages in discussions regarding compensation to Minden Pictures and its photographers.  Such discussions are too often unsuccessful and rarely do they convert an infringer into a client.  More often, Minden Pictures is forced to engage legal counsel to obtain payment for the use of its images.

**C.     The Copyrighted Work at Issue**

16.      At issue in this case is a work by the celebrated photographers Yva Momatiuk and John Eastcott, for whom Minden Pictures serves as the exclusive licensing agent.

17.       Yva Momatiuk and John Eastcott created the following photograph, referenced as Image 00345380 and referred to herein as the "Copyrighted Work":



5

18.    Minden Pictures has obtained a certificate of registration from the United States Copyright Office for the copyrights in and to the Copyrighted Work, Registration No. VAu 729-699.

**D.    Defendant's Unlawful Conduct**

19.    In July of 2022, Minden Pictures discovered Defendant was using the Copyrighted Work in an article that Defendant published on the website https://supchina.com as a promotional tool for Defendant's business.  A screen shot of Defendant's use of the Copyrighted Work is depicted here:



20.    Minden Pictures discovered Defendant's infringement of the Copyrighted Work in May of 2022 and authorized a third-party, ImageRights International Inc. to attempt to obtain a licensing fee for Defendant's use of the Copyrighted Work.  ImageRights International sent a number of infringement notices to Defendant but Defendant failed to pay a licensing fee to its

past use of the Copyrighted Work.

21.     Defendant's infringement did not begin and end with the first publication of the Copyrighted Work of Minden Pictures by Defendant because Defendant stored the Copyrighted Work on computer servers and computer systems and machines owned by Defendant where, in the last three years, the Copyrighted Work were reproduced, distributed, and publicly displayed by Defendant each time computer users in New York, and elsewhere, viewed Defendant's infringing webpages.  In order for computer users to view the Copyrighted Work on monitors located in New York, Defendant had to reproduce digital copies of the Copyrighted Work from its servers and then distribute the digital copies of the images through the Internet to the computer monitors and display screens where the Copyrighted Work were then publicly displayed without Minden Pictures' authorization each time the Copyrighted Work appeared on the monitors and display screens of users in New York and elsewhere.

22.     Defendant is thus directly responsible for the unlawful reproduction, distribution, derivation, and public display of the Copyrighted Work within the last three years.

23.     Defendant is further directly responsible for the unlawful reproduction, distribution, derivation, and public display of the Copyrighted Work within the last three years because, while Defendant may solicit content from its users, Defendant reviews the content offered by its users for publication and carefully curates that content so that Defendant's website retains the look and feel and quality of content desired by Defendant.

24.     Defendant is further directly responsible for the unlawful reproduction, distribution, derivation, and public display of the Copyrighted Work within the last three years because Defendant exercises supervision and control over the content posted to its website.

25.     Defendant's reproduction, distribution, derivation, and public display of the

Copyrighted Work are without Minden Pictures' authorization.

26.     Defendant's unauthorized reproduction, distribution, derivation, and public display of Minden Pictures' Copyrighted Work are knowing and willful because Defendant acted in reckless disregard of Minden Pictures' copyrights.

27.     Defendant's unauthorized reproduction, distribution, derivation, and public display of Minden Pictures' Copyrighted Work are knowing and willful in that Defendant is in the business of publishing copyrighted content and knew or should have known of the need to seek a license for the use of the Copyrighted Work at issue in this litigation, knew it did not have a license to use those works, and deliberately did so anyway.

**E.     Discovery of Defendant's Unlawful Activity**

28.     Minden Pictures discovered the infringement at issue in this litigation after diligently searching the Internet for uses of the Copyrighted Work.  Over the years, Minden Pictures' diligent efforts to discover the infringement include Minden Pictures engaging various third-party technology companies over the years to search the Internet for unlawful use of Minden Pictures' Copyrighted Work.  These companies present Minden Pictures with numerous findings on a regular basis and Minden Pictures diligently reviews the findings to determine whether the use is authorized or not and commercial in nature.  Minden Pictures spends significant time and resource reviewing the findings from these search companies.  Once Minden Pictures determines the use of Copyrighted Work is unauthorized and commercial, it fulfills its obligations to its photographers by pursuing a licensing fee from the infringer, first by permitting the search service who notified Minden Pictures of the infringement to engage in negotiations with the infringer, and then, if those negotiations fail, Minden Pictures engages counsel to pursue the infringement claim.

29.     Minden Pictures believes the search technologies it employs were not able to find Defendant's use of its images sooner than it did because the Internet is so expansive that it is not possible to search every data point on the internet for Minden Pictures' images.  Indeed, it has been reported that there are 3.2 billion to 5 billion photos uploaded to the Internet every day, which on the low end comes to 1.68 trillion per year.  Upon information and belief, there are more photos uploaded to the Internet every day than a search company can process in a year.  Accordingly, not every search by the technology used by Minden Pictures discloses every unlawful use of Minden Pictures' Copyrighted Work.  Minden Pictures is thus not surprised that the diligently conducted searches more than three years prior to discovery of the infringements at issue in this litigation did not disclose Defendant's use of the Copyrighted Work but searches conducted more recently did disclose Defendant's infringements.

30.     The failure to discover these infringements sooner occurred not due to a lack of reasonable effort by Minden Pictures but due to the vast amount of data on the Internet to be search and the inability of the technology currently available on the market to locate in a few searches every infringing use of photographs in Minden Pictures' catalogue.  Minden Pictures understands and believes that it is not, and should not, be considered at fault for not discovering these infringements sooner than it did.

### FIRST CLAIM FOR RELIEF
### DIRECT COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 101 *et seq.*)

31.     Minden Pictures realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

32.     Image 00176788 and Image 00543590 (hereinafter referred to as the "Copyrighted Work") are original works of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

33.     As exclusive licensee, Minden Pictures has sufficient rights, title and interest in and to the copyrights in the Copyrighted Work to bring suit.

34.     Upon information and belief, as a result of Minden Pictures' reproduction, distribution and public display of the Copyrighted Work, Defendant had access to the Copyrighted Work prior to the creation of Defendant's infringing website.

35.     By its actions, as alleged above, Defendant has infringed and violated Minden Pictures' exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing, using in the creation of an unlawful derivative work, and publicly displaying the Copyrighted Work at Defendant's infringing website.

36.     Upon information and belief, Defendant's infringement of Minden Pictures' copyrights is willful and deliberate and Defendant has profited at the expense of Minden Pictures.

37.     As a direct and proximate result of Defendant's infringement of Minden Pictures' exclusive rights in the Copyrighted Work, Minden Pictures is entitled to recover its actual damages resulting from Defendant's uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

38.     In addition, at Minden Pictures' election, pursuant to 17 U.S.C. § 504(b), Minden Pictures shall be entitled to recover damages based on a disgorgement of Defendant's profits from the infringement of the Copyrighted Work, which amounts will be proven at trial.

39.     Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Minden Pictures unless enjoined by this Court.  Minden Pictures has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Minden Pictures is entitled to a permanent injunction prohibiting infringement of Minden Pictures' exclusive rights under

copyright law.

## SECOND CLAIM FOR RELIEF
### (Contributory Copyright Infringement)

40.     Minden Pictures realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

41.     As an alternative theory to its direct infringement claim, in the event Defendant contends the infringing conduct described above, i.e., the copying of the Copyrighted Work to computer systems and servers controlled by Defendant, the distributing of digital copies f the Copyrighted Work from computer systems and servers controlled by Defendant, the derivation of the Copyrighted Work in the creation of articles wherein the Copyrighted Work were used as illustrations, the public display of the Copyrighted Work onto the screens and monitors of the public, was done by a third-party, Defendant had either actual or constructive knowledge of the above-described infringements and either induced, caused or materially contributed to the infringing conduct described above.

42.     Defendant had either actual or constructive knowledge of the infringing conduct based on the numerous times that copyright owners have alleged copyright infringement against Defendant such that Defendant knew or should have none it needed to monitor for infringement.

43.     Defendant induced, caused or materially contributed to the infringing conduct described above by providing not only the knowhow and encouragement to use content from the internet without a license but also providing the computer systems, servers, and web design technology crucial to the infringing content at issue.

44.     By their actions, as alleged above, Defendant's foregoing acts of contributory infringement violate Minden Pictures' exclusive rights in violation of the Copyright Act, 17 U.S.C. §501.

45.     Upon information and belief, the foregoing acts of contributory infringement of Minden Pictures' copyright are willful and deliberate and Defendant profited at the expense of Minden Pictures.

46.     As a direct and proximate result of Defendant's contributory infringement of Minden Pictures' exclusive copyrights in the Copyrighted Work, Minden Pictures is entitled to recover his actual damages resulting from Defendant's uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

47.     In addition, at Minden Pictures' election, pursuant to 17 U.S.C. § 504(b), Minden Pictures shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

48.      In the alternative, and at Minden Pictures' election, Minden Pictures is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

49.     Minden Pictures is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

50.     Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Minden Pictures unless enjoined by this Court.  Minden Pictures has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Minden Pictures is entitled to a permanent injunction prohibiting infringement of Minden Pictures' exclusive rights under copyright law.

### THIRD CLAIM FOR RELIEF
### (Vicarious Copyright Infringement)

51.     Minden Pictures realleges the above paragraphs and incorporates them by

reference as if fully set forth herein.

52. As an alternative theory to its infringement claims above, to the extent Defendant contends it did not directly nor contributorily infringe Minden Pictures' copyrights and the infringement described above was caused by unmoderated contributors to its website, Defendant profited from the direct infringement described above while declining to exercise a right to stop it.

53. Defendant had the right or ability to control the infringement.

54. Minden Pictures had the right and ability to remove the infringing copies of the Copyrighted Work.

55. Minden Pictures had the right and ability to cease the unlawful distribution of the Copyrighted Work.

56. Minden Pictures had the right and ability to cease the unlawful public display of the Copyrighted Work.

57. As a result of Defendant's right or ability to supervise the direct infringement described above, Defendant could have prevented or stopped the direct infringement but did not take any action to do so.

58. Defendant had a direct financial interest in the reproduction, distribution, and public display of the Copyrighted Work and Defendant benefitted from the direct infringement by earning substantial profits from advertising at the infringing website.

59. As a direct and proximate result of Defendant's vicarious infringement of Minden Pictures' copyrights in the Copyrighted Work, Minden Pictures is entitled to recover his actual damages resulting from Defendant's uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

60.     In addition, at Minden Pictures' election, pursuant to 17 U.S.C. § 504(b), Minden Pictures shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

61.     In the alternative, and at Minden Pictures' election, Minden Pictures is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work by Defendant, or such other amounts as may be proper under 17 U.S.C. § 504(c).

62.     Minden Pictures is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

63.     Defendant's vicarious infringement has caused and any continued infringing conduct will continue to cause irreparable injury to Minden Pictures unless enjoined by this Court. Minden Pictures has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Minden Pictures is entitled to a permanent injunction prohibiting infringement of Minden Pictures exclusive rights under copyright law.

## PRAYER FOR RELIEF

WHEREFORE, Minden Pictures demands judgment as follows:

1.     A declaration that Defendant has infringed Minden Pictures' copyrights under the Copyright Act;

2.     A declaration that such infringement is willful;

3.     An accounting of all revenue earned by Defendant during the period in which it reproduced, distributed or displayed the Copyrighted Work, or any portion or derivation of the Copyrighted Work;

4.     Awarding Minden Pictures all gains, profits, property and advantages obtained

or derived by Defendant from their acts of copyright infringement or, *in lieu* thereof, should

Minden Pictures so elect, such statutory damages as the Court shall deem proper, as provided

in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each

instance of copyright infringement;

     5.      Awarding Minden Pictures such exemplary and punitive damages as

the Court finds appropriate to deter any future infringement pursuant to the Copyright

Act;

     6.      Awarding Minden Pictures its costs and disbursements incurred in this action,

including its reasonable attorneys' fees, as provided in 17 U.S.C. § 505;

     7.      Awarding Minden Pictures interest, including pre-judgment interest, on the

foregoing sums;

     8.      Permanently enjoining Defendant, its employees, agents, officers, directors,

attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and

participation with Defendant, from directly or indirectly infringing Minden Pictures'

copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public

display, advertise, reproduce, develop or manufacture any works derived or copied from the

Minden Pictures' or to participate or assist in any such activity; and

     9.      For such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Minden Pictures hereby demands a trial by jury pursuant to Rule 38 of the Federal

Rules of Civil Procedure.

Dated: November 24, 2023

                    Respectfully submitted,

                    /s/ *R. Terry Parker*

R. Terry Parker, Esquire
Law Office of R. Terry Parker
43 W. 43rd Street, Suite 275
New York, New York
10036-7424
Tel: (212) 598-5068
Email: terry@rterryparkerlaw.com

*Attorney for Plaintiff*
*Minden Pictures, Inc.*