UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MINDEN PICTURES, INC.,<br><br>      Plaintiff,<br><br> v.<br><br>SUP CHINA, INC.,<br><br>      Defendant. | CIVIL ACTION NO.: 23 Civ. 10312 (DEH) (SLC)<br><br>**REPORT AND RECOMMENDATION** |

**SARAH L. CAVE,** United States Magistrate Judge.

**TO THE HONORABLE DALE E. HO**, United States District Judge:

Plaintiff Minden Pictures, Inc. ("Minden") alleges that Defendant Sup China, Inc. ("SCI") infringed its copyrighted photograph by unlawfully reproducing, distributing, and displaying it on SCI's for-profit company website without authorization.  (ECF No. 1 (the "Complaint")).  After SCI failed to answer the complaint or otherwise appear in this action, the Clerk of Court entered a certificate of default, and Judge Ho referred the case for an inquest on damages before final default judgment.  We respectfully recommend that default judgment be entered against SCI, awarding Minden (1) statutory damages in the amount of $7,500 for copyright infringement, (2) attorneys' fees in the amount of $4,815.00, (3) costs in the amount of $749.22, and (4) post-judgment interest pursuant to 28 U.S.C. § 1961.  We further recommend that neither prejudgment interest nor a permanent injunction be awarded.

## I. BACKGROUND

Given SCI's default, the Court accepts as true all well-pleaded factual allegations in Plaintiff's complaint, except as to damages.  See City of New York v. Mickalis Pawn Shop, LLC, 645

F.3d 114, 137 (2d Cir. 2011) ("[I]t is an 'ancient common law axiom' that a defendant who defaults thereby admits all 'well-pleaded' factual allegations contained in the complaint.") (quoting Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373 F.3d 241, 246 (2d Cir. 2004)); Whitehead v. Mix Unit, LLC, No. 17 Civ. 9476 (VSB) (JLC), 2019 WL 384446, at *1 (S.D.N.Y. Jan. 31, 2019), adopted by, 2019 WL 1746007 (S.D.N.Y April 18, 2019).

A. **Factual Background**

Minden is a California corporation "recognized as a premier provider of rights managed wildlife and nature stock photos and feature stories, with a collection that covers key aspects of natural history, ecology, biodiversity, and endangered species from all continents including many remote and isolated regions." (ECF No. 1 ¶¶ 2, 7–8). Photographers sign "exclusive agreements" with Minden, granting it "all rights needed to act as the exclusive agent and syndicator of the photographers' works, including the right to reproduction, distribution, public display and exploitation of the works." (Id. ¶ 8). Effectively, Minden licenses photographers' works. (Id.) Defendant is a New York corporation. (Id. ¶ 3).

The copyrighted work at issue is the following photograph of the sea at sunset by "Yva Momatuik and John Eastcott, for whom Minden [] serves as the exclusive licensing agent":



(ECF No. 1 ¶¶ 16-18 (the "Work")).  Minden obtained a certificate of registration for the Work from the United States Copyright Office.  (Id. ¶ 18).

Minden first discovered SCI's unauthorized use of the Work in May 2022 and engaged a third-party "to attempt to obtain a licensing fee for Defendant's use" of the Work but, although the third-party "sent a number of infringement notices to Defendant[,]" Defendant never paid a licensing fee for its use of the Work.  (ECF No. 1 ¶¶ 20–21).  In July 2022, Minden discovered that SCI was again reproducing, distributing, and publicly displaying the Work without authorization by publishing it on its website as "a promotional tool for [SCI's] business":



(Id. ¶ 19).  As Minden puts it, SCI's "infringement did not begin and end with the first publication of the [] Work . . . because [SCI] stored the [] Work on computer servers and computer systems and machines" it owned.  (Id. ¶ 21).  Each time someone in New York viewed the Work on SCI's website, SCI "had to reproduce digital copies of the [] Work from its servers and then distribute the digital copies of the images through the Internet to the computer monitors and display screens" of those viewing the website, all without Minden's authorization or a licensing agreement.  (Id.)

B. **Procedural Background**

In response to the infringement, on November 24, 2023, Minden filed the Complaint asserting claims for direct, contributory, and vicarious copyright infringement under the Copyright Act, 17 U.S.C. §§ 106, 501.  (ECF No. 1 ¶¶ 31–63).  Minden seeks declaratory and injunctive relief together with monetary damages.  (Id. at 14–15).  On December 6, 2023, Minden served SCI with a summons and the Complaint.  (ECF No. 10).  SCI did not answer or otherwise respond to the Complaint or appear in this action, so Minden moved for entry of default judgment.  (ECF Nos. 15–16, 18 (the "Motion")).  On February 29, 2024, Judge Ho ordered SCI to respond to the Motion and to appear and show cause at a hearing why default judgment should not be entered against it.  (ECF No. 23 (the "OTSC")).  On March 29, 2024, the Clerk of the Court entered a certificate of default against SCI.  (ECF Nos. 27; 28).

On April 2, 2024, Judge Ho held a hearing on the OTSC, and SCI failed to appear.  (ECF No. 31 at 2).  Judge Ho then referred the matter for an inquest on damages.  (ECF Nos. 29; 31 at 4).

On May 1, 2024, the Court ordered Minden to submit proposed findings of fact and conclusions of law concerning damages no later than May 22, 2024, and ordered SCI to respond by June 12, 2024.  (ECF No. 33 (the "Scheduling Order")).  The Scheduling Order warned SCI that failure to respond or contact the Court by June 12, 2024 would result in the Court issuing a report and recommendation concerning damages based on Minden's written submissions alone, without an in-court hearing.  (Id.)

On May 22, 2024, Minden submitted deficient proposed findings of fact and conclusions of law, which the Court ordered Minden to remedy and re-serve by May 24, 2024; the Court also

warned SCI of the consequences of failing to respond or contact the Court by June 14, 2024.  (ECF No. 36 (the "Amended Scheduling Order")).  Minden filed revised proposed findings of fact and conclusions of law, rectifying the deficiencies the Court had enumerated.  (ECF Nos. 37–38 (the "Corrected Damages Submission")).  On August 9, 2024, the Court directed Minden to serve the Corrected Damages Submission and the order on SCI, and directed SCI to respond by September 4, 2024, again warning that it would issue a report and recommendation concerning damages based on Minden's written submissions alone, without an in-court hearing, if SCI failed to respond or contact the Court.  (ECF No. 41 (the "Second Amended Scheduling Order")).  Minden filed proof of service of the Second Amended Scheduling Order and the Corrected Damages Submission on SCI.  (ECF No. 42)  SCI was warned three times about the risk of failing to respond to Minden's submissions, but it has neither responded nor contacted the Court.  We thus proceed without an in-court hearing and on Minden's Corrected Damages Submission alone.

## II. <u>JURISDICTION AND VENUE</u>

The Court has subject matter jurisdiction pursuant to 28 U.S.C § 1331 because Minden sued under the federal Copyright Act.  The Court also has personal jurisdiction, "a necessary prerequisite to entry of a default judgment[,]" over SCI, a New York domiciliary, who Minden properly served.  (ECF No. 10); <u>Zak v. Five Tier, Inc.</u>, No. 20 Civ. 9375 (GBD) (SLC), 2023 WL 11918324, at *5 (S.D.N.Y. Dec. 14, 2023), <u>adopted by</u>, 2024 WL 3666371 (S.D.N.Y. Aug. 6, 2024) (quoting <u>Reilly v. Plot Commerce</u>, No. 15 Civ. 5118 (PAE) (BCM), 2016 WL 6837895, at *2 (S.D.N.Y. Oct. 31, 2016)).  Venue is proper in the Southern District of New York.  <u>See</u> 28 U.S.C. § 1391(b).

### III. DISCUSSION

#### A. Legal Standards

##### 1. Obtaining a Default Judgment

A party seeking a default judgment must follow the two-step procedure set forth in Federal Rule of Civil Procedure 55. See Bricklayers & Allied Craftworkers Loc. 2 v. Moulton Masonry & Constr., LLC, 779 F.3d 182, 186–87 (2d Cir. 2015) (per curiam). First, under Rule 55(a), where a party has failed to plead or otherwise defend in an action, the Clerk of the Court must enter a certificate of default. See Fed. R. Civ. P. 55(a). Second, after entry of the default, if the party still fails to appear or move to set aside the default, the Court may enter a default judgment. See Fed. R. Civ. P. 55(b). Whether to enter a default judgment lies in the "sound discretion" of the trial court. Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993). Because a default judgment is an "extreme sanction" that courts are to use as a tool of last resort, Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981) (per curiam), the district court must "carefully balance the concern of expeditiously adjudicating cases, on the one hand, against the responsibility of giving litigants a chance to be heard, on the other." Lopez v. Emerald Staffing, Inc., No. 18 Civ. 2788 (SLC), 2020 WL 915821, at *4 (S.D.N.Y. Feb. 26, 2020).

In considering whether to enter a default judgment, district courts are "guided by the same factors [that] apply to a motion to set aside entry of a default." First Mercury Ins. Co. v. Schnabel Roofing of Long Is., Inc., No. 10 Civ. 4398 (JS) (AKT), 2011 WL 883757, at *1 (E.D.N.Y. Mar. 11, 2011). "These factors include: (1) whether the default was willful; (2) whether ignoring the default would prejudice the opposing party; and (3) whether the defaulting party has presented a meritorious defense." J & J Sports Prods. Inc. v. 1400 Forest Ave. Rest. Corp.,

No. 13 Civ. 4299 (FB) (VMS), 2014 WL 4467774, at *4 (E.D.N.Y. Sept. 10, 2014) (citing Swarna v. Al-Awadi, 622 F.3d 123, 142 (2d Cir. 2010)); see Enron, 10 F.3d at 96 (noting that "[a]lthough the factors examined in deciding whether to set aside a default or a default judgment are the same, courts apply the factors more rigorously in the case of a default judgment because the concepts of finality and litigation repose are more deeply implicated in the latter action").

### 2. Determining Liability

A defendant's default is deemed "a concession of all well-pleaded allegations of liability," Rovio Entm't, Ltd. v. Allstar Vending, Inc., 97 F. Supp. 3d 536, 545 (S.D.N.Y. 2015), but a default "only establishes a defendant's liability if those allegations are sufficient to state a cause of action against the defendants." Gesualdi v. Quadrozzi Equip. Leasing Corp., 629 F. App'x 111, 113 (2d Cir. 2015) (summary order). The Court must determine "whether the allegations in [the] complaint establish the defendants' liability as a matter of law." Id. If the Court finds that the well-pleaded allegations establish liability, the Court then analyzes "whether plaintiff has provided adequate support for [its requested] relief." Gucci Am., Inc. v. Tyrrell-Miller, 678 F. Supp. 2d 117, 119 (S.D.N.Y. 2008). If, however, the Court finds that the complaint fails to state a claim on which relief may be granted, the Court may not award damages, "even if the post-default inquest submissions supply the missing information." Lopez, 2020 WL 915821, at *4.

### 3. Determining Damages

Once liability has been established, the Court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Am. Jewish Comm. v. Berman, No. 15 Civ. 5983 (LAK) (JLC), 2016 WL 3365313, at *3 (S.D.N.Y. June 15, 2016), adopted by, 2016 WL 4532201 (S.D.N.Y. Aug. 29, 2016). A plaintiff "bears the burden of establishing [its]

7

entitlement to recovery and thus must substantiate [its] claim with evidence to prove the extent of damages." <u>Dunn v. Advanced Credit Recovery Inc.</u>, No. 11 Civ. 4023 (PAE) (JLC), 2012 WL 676350, at *2 (S.D.N.Y. March 1, 2012), <u>adopted by</u>, 2012 WL 1114335 (S.D.N.Y. April 3, 2012).  The evidence the plaintiff submits must be admissible.  <u>See</u> <u>Poulos v. City of New York</u>, No. 14 Civ. 3023 (LTS) (BCM), 2018 WL 3750508, at *2 (S.D.N.Y. July 13, 2018), <u>adopted by</u>, 2018 WL 3745661 (S.D.N.Y. Aug. 6, 2018); <u>see also</u> <u>House v. Kent Worldwide Mach. Works, Inc.</u>, 359 F. App'x 206, 207 (2d Cir. 2010) (summary order) ("[D]amages must be based on admissible evidence.").  If the documents the plaintiff has submitted provide a "sufficient basis from which to evaluate the fairness of" the requested damages, the Court need not conduct an evidentiary hearing.  <u>Fustok v. ContiCommodity Servs. Inc.</u>, 873 F.2d 38, 40 (2d Cir. 1989); <u>see</u> <u>Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.</u>, 109 F.3d 105, 111 (2d Cir. 1997) (noting that a court may determine appropriate damages based on affidavits and documentary evidence "as long as [the court has] ensured that there [is] a basis for the damages specified in the default judgment").

**B.  <u>Application</u>**

**1.  <u>Statute of Limitations</u>**

A civil action for copyright infringement must be "'commenced within three years after the claim accrued.'" <u>Psihoyos v. John Wiley & Sons, Inc.</u>, 748 F.3d 120, 124 (2d Cir. 2014) (quoting 17 U.S.C. § 507(b)).  The Second Circuit follows the "discovery rule," pursuant to which "copyright infringement claims do not accrue until actual or constructive discovery of the relevant infringement[.]" <u>Id.</u> at 125.  Thus, "an infringement claim does not 'accrue' until the copyright holder discovers, or with due diligence should have discovered, the infringement." <u>Id.</u> at 124.

"The standard for whether a plaintiff should have discovered the relevant infringement is an objective one." PK Music Performance, Inc. v. Timberlake, No. 15 Civ. 1215 (VSB), 2018 WL 4759737, at *7 (S.D.N.Y. Sept. 30, 2018); accord Minden Pictures, Inc. v. Complex Media, Inc., No. 22 Civ. 4069 (RA), 2023 WL 2648027, at *2 (S.D.N.Y. Mar. 27, 2023).

Here, Minden alleges it discovered SCI's infringement of the Work in May 2022 and authorized a third party to obtain a licensing fee from SCI, which was ultimately unsuccessful. (ECF No. 1 ¶ 20). Minden filed the Complaint on November 24, 2023, well within the three-year statute of limitations. (Id.) In addition, SCI's failure to appear and assert a defense based on the statute of limitations is a waiver of that defense. See Clement v. United Homes, LLC, No. 10 Civ. 2122 (RRM), 2010 WL 4941489, at *2 (E.D.N.Y. Nov. 30, 2010) (deeming defendant's default to be a waiver of statute of limitations defense); see also Davis v. Bryan, 810 F.2d 42, 44 (2d Cir. 1987) ("If a defendant fails to assert the statute of limitations defense, the district court ordinarily should not raise it sua sponte.").

### 2. Default Judgment

In accordance with the two-step process in Rule 55, the Clerk of the Court entered a certificate of default as to SCI, and Judge Ho referred the matter for this inquest on damages. (ECF Nos. 28; 29; 31 at 4). Considering the relevant factors above, the Court first concludes that SCI's default was willful because it failed to respond to the Corrected Damages Submission after having been properly served and warned. See Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc., No. 7 Civ. 6865 (LTS) (GWG), 2007 WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007) (finding that a failure to respond to a complaint and subsequent motion for default judgment "indicate[s] willful conduct"). Second, delayed entry of a default judgment may prejudice Minden, "as there

are no additional steps available to secure relief in this Court." Bridge Oil Ltd. v. Emerald Reefer

Lines, LLC, No. 06 Civ. 14226 (RLC) (RLE), 2008 WL 5560868, at *2 (S.D.N.Y. Oct. 27, 2008),

adopted by, 2009 U.S. Dist. LEXIS 6074 (S.D.N.Y. Jan. 26, 2009). Third, SCI has failed to respond

to the Court's orders to appear and defend in this action. (ECF Nos. 23; 33; 36; 41). Accordingly,

because the requirements of Rule 55 are satisfied and the relevant factors weigh in Minden's

favor, entry of default judgment fixing the award of damages to Minden is proper.

### 3.  Liability for Copyright Infringement

Minden alleges that SCI—by displaying the Work on its website without license or other

authorization—infringed the Copyright. (ECF No. 1 ¶¶ 19–21). SCI's default equates to a

concession of liability on the allegations in the Complaint, provided that those "allegations are

sufficient to state a cause of action[.]" Taizhou Zhongneng Imp. & Exp. Co. v. Koutsobinas, 509

F. App'x 54, 56 (2d Cir. 2013) (summary order) (liability of defaulting defendant depends on

whether "allegations are sufficient to state a cause of action"). To prevail on its claim of copyright

infringement, Minden was required to show both ownership of a valid copyright and copying of

its protected works without authorization. See Davis v. Blige, 505 F.3d 90, 98–99 (2d Cir. 2007);

Knickerbocker Toy Co., Inc. v. Azrak-Hamway Int'l, Inc., 668 F.2d 699, 702 (2d Cir. 1982). Minden

proved ownership of a valid copyright by providing the copyright registration number for the

Work, and it plausibly alleged that SCI reproduced, distributed, and publicly displayed the Work

without authorization. (ECF Nos. 1 at ¶¶ 18, 19–27; 37 at ¶¶ 14, 16–28; 38-2; 38-3). Accordingly,

Minden established SCI's liability for copyright infringement as a matter of law. See Malibu

Media, 2019 WL 7580083, at *3 (holding that defendant's default was concession of liability for

copyright infringement, which was adequately pled based on allegations of plaintiff's ownership of valid copyrights and defendant's copying without authorization).[1]

### 4. __Damages__

Because Minden established SCI's liability for copyright infringement under the Copyright Act, the Court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty."  Am. Jewish Comm., 2016 WL 3365313, at *3.  Minden seeks statutory damages of $30,000.00, attorneys' fees of $4,815.00, and costs of $749.22.  (ECF No. 37 at 20).

As an initial matter, the Court must consider whether Minden provided enough evidence to support its claimed damages.  The Corrected Damages Submission includes exemplary licenses with the individuals who photographed the Work, printouts of SCI's website, correspondence notifying SCI of its infringement of the Work, and documentation of attorneys' fees and costs. (ECF Nos. 38-1–38-5).  A hearing is unnecessary because the Corrected Damages Submission constitutes a "sufficient basis from which to evaluate the fairness" of Minden's damages request. Fustok, 873 F.2d at 40.  A hearing is also unnecessary because Minden seeks statutory damages. See McDermott v. NYFireStore.com, Inc., No. 18 Civ. 10853 (AJN) (SLC), 2021 WL 952455, at *3 (S.D.N.Y. Jan. 15, 2021) (finding no hearing necessary where plaintiff requested statutory damages), adopted by, 2021 WL 950507 (S.D.N.Y. Mar. 12, 2021); Craine v. Beyond the W, LLC,

---

[1] Although Minden also asserted contributory and vicarious infringement claims against SCI (ECF No. 1 ¶¶ 40-63), in the Damages Submission, it does not seek additional or different damages for those claims (ECF No. 37), and therefore, the Court need not separately analyze these alternative theories of liability. See Haydel v. Exponential Wealth Inc., No. 21 Civ. 10604 (JGK) (SLC), 2023 WL 8438475, at *9 (S.D.N.Y. Sept. 8, 2023), adopted by, 2023 WL 8439070 (S.D.N.Y. Dec. 5, 2023) (declining to analyze alternative theories of defaulting defendants' liability where the entirety of the relief plaintiff sought could be awarded under primary claim); PAPS v. GME Ent., Inc., No. 9 Civ. 2508 (MHD), 2012 WL 5873584, at *7 (S.D.N.Y. Nov. 19, 2012) (where plaintiff sought single amount of damages on multiple theories, one of which he satisfied, declining to "consider his alternative legal theories").

No. 19 Civ. 2259 (JMA) (AYS), 2021 WL 930255, at *2 (E.D.N.Y. Mar. 11, 2021) (same); Hirsch v. Sell It Soc., LLC, No. 20 Civ. 153 (LTS) (BCM), 2020 WL 5898816, at *4 (S.D.N.Y. Oct. 5, 2020) (same).

### a. Legal Standard

Pursuant to Section 504 of the Copyright Act, a copyright owner is entitled to recover the actual damages the infringer caused, plus any profits the infringer gained, or statutory damages. See 17 U.S.C. § 504(a). The copyright owner may elect to recover statutory damages instead of actual damages in the amount "of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). Where the defendant's infringement is willful, the Copyright Act gives the court discretion to increase the award up to $150,000 per work. 17 U.S.C. § 504(c)(2).

"Statutory damages 'are available without proof of plaintiff's actual damages,' and are useful in cases 'where proof of actual damages or profits is insufficient.'" EMI April Music Inc. v. 4MM Games, LLC, No. 12 Civ. 2080 (DLC) (JLC), 2014 WL 325933, at *3 (S.D.N.Y. Jan. 13, 2014), adopted by, 2014 WL 1383468 (S.D.N.Y. Apr. 7, 2014) (quoting Lucerne Textiles, Inc. v. H.C.T. Textiles Co., No. 12 Civ. 5456 (KMW) (AJP), 2013 WL 174226, at *2 (S.D.N.Y. Jan. 7, 2013) (internal citations omitted), adopted by, 2013 WL 1234911 (S.D.N.Y. Mar. 26, 2013)). Under the Copyright Act, the Court has "wide discretion" to set the amount of statutory damages. Fitzgerald Publ'g Co. v. Baylor Publ'g Co., Inc., 807 F.2d 1110, 1116 (2d Cir. 1986). Where the defendant acted willfully, the "[C]ourt should consider incorporating both a compensatory and punitive component to 'discourage further wrongdoing by the defendants and others.'" Whitehead, 2019 WL 384446, at *3 (quoting CJ Prods. LLC v. Your Store Online LLC, No. 11 Civ. 9513 (GBD) (AJP), 2012 WL 2856068, at *3 (S.D.N.Y. July 12, 2012), adopted by, 2012 WL 4714820 (S.D.N.Y. Oct. 3,

2012)).    Courts in this Circuit consider the following factors in determining the amount of statutory damages:

> (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

Myeress v. Elite Travel Group USA, No. 18 Civ. 340 (AJN), 2018 WL 5961424, at *3 (S.D.N.Y. Nov. 14, 2018) (quoting Bryant v. Media Right Productions, 603 F.3d 135, 144 (2d Cir. 2010)).

### b. Application

Minden seeks $30,000.00 in statutory damages under 17 U.S.C. § 501(c).  SCI's failure to appear and provide records in this action renders it impossible for the Court to evaluate its state of mind (factor 1), or the expenses SCI saved or the profits it gained (factor 2).  The Court can evaluate, based on Minden's submissions, some of the revenue that it lost due to SCI's infringement (factor 3), the deterrent effect on SCI and third parties (factor 4), SCI's cooperation (factor 5), and SCI's conduct and attitude (factor 6).

As to the third factor—lost profits—Minden submitted invoices showing the Work's value ranges from $1,000 to $1,250, and that it unsuccessfully sought $3,100 in licensing fees from SCI before filing this action.  (ECF Nos. 38-1; 38-3 at 2, 4, 6, 8, 10, 12).  These figures fall within the range awarded for single-use copyright infringement in the Second Circuit.  See Green v. Akonik Label Grp., LLC, No. 19 Civ. 7492 (PGG) (OTW), 2022 WL 2817311, at *4 (S.D.N.Y. July 19, 2022) (collecting cases awarding between $750 to $5,000 for single-use copyright infringement).

The fourth factor—deterrence—weighs in favor of a larger statutory damages award here.  It is true that one court in this District has recognized, "if the need to deter <u>any</u>

infringement warranted a statutory damages award for tens of thousands of dollars, Congress would not have permitted awards as low as $750." Serio v Skijor, USA, No. 23 Civ. 438 (LJL), 2023 WL 8372894, at *4 (S.D.N.Y. Dec. 4, 2023). "Instead, courts have concluded that the need for specific deterrence is particularly acute when the defendant is 'a serial copyright infringer, or . . . continues to infringe copyrights in spite of repeated notices of infringement.'" Id. (quoting Parsons v. Bong Mines Ent. LLC, No. 19 Civ. 813 (JMA) (AKT), 2021 WL 931506, at *9 (E.D.N.Y. Feb. 18, 2021), adopted by, 2021 WL 930259 (E.D.N.Y. Mar. 11, 2021)); see Bass v. Diversity Inc. Media, No. 19 Civ. 2261 (AJN), 2020 WL 2765093, at *4 (S.D.N.Y. May 28, 2020) (finding that absence of evidence of serial infringement or continued infringement despite repeated notices of infringement weighed against substantial award). Here, SCI continued infringing the Copyright after receiving Minden's notice of infringement, evidencing the need for a damages award large enough to deter SCI from future violations.

As to the fifth factor—SCI's cooperation in providing evidence of the value of the infringing material—SCI's "default weighs in favor of a substantial statutory award." Parsons, 2021 WL 931506, at *9 (collecting cases holding that default warranted substantial award); see CJ Prods. LLC, 2012 WL 2856068, at *3 (noting that "the goal of deterring similar conduct by other enterprises requires a substantial award"); Arista Records LLC v. Usenet.com, Inc., No. 07 Civ. 8822 (HB) (THK), 2010 WL 3629688, at *6 (S.D.N.Y. Feb. 2, 2010) (noting that "the Court must consider the deterrent effect on both other potential infringers as well [as] Defendants themselves"), adopted by, 2010 WL 3629587 (S.D.N.Y. Sept. 16, 2010).

As to the sixth factor—SCI's conduct and attitude—Minden seeks enhanced statutory damages for SCI's willful infringement of the Work (ECF No. 37 at 17), citing SCI's reckless

disregard of the Copyright, failure to contest the allegations in the Complaint, and status as "a sophisticated media company familiar with copyright law" that "knew, or should have known, of the need to seek a license for its use of [the] Work." (ECF No. 37 at 9, 17). Even if Minden had not sought damages for willful infringement, "the Court may still find that [SCI's] conduct was willful by virtue of its default, and evaluate it as a factor in determining the amount of the award." Whitehead, 2019 WL 384446, at *4; see Rovio Entm't, 97 F. Supp. 3d at 546 ("[C]opyright infringement is deemed willful by virtue of a defendant's default.").

Courts in this District have awarded statutory damages for online copyright infringement in the range of $15,000 to $30,000. See Whitehead, 2019 WL 384446, at *4 (following default, awarding $25,000 in statutory damages for online infringement); Hollander Glass Texas, Inc. v. Rosen-Paramount Glass Co., Inc., 291 F. Supp. 3d 554, 560 (S.D.N.Y. 2018) (collecting cases awarding statutory damages in the range of $15,000 to $30,000, and awarding $25,000); Getaped.Com, Inc. v. Cangemi, 188 F. Supp. 2d 398, 402–03 (S.D.N.Y. 2002) (following default, awarding $30,000 in statutory damages for online infringement); see also HarperCollins Publishers LLC v. Open Road Integrated Media, LLP, 58 F. Supp. 3d 380, 388 (S.D.N.Y. 2014) (awarding $30,000 in statutory damages). "In cases involving willful infringement of photographs[,]" however, "courts in this Circuit typically award a multiple of three to five times the amount of the licensing fee the plaintiff would expect to receive had the defendant properly licensed the photograph." See Sadowski v. Tribuna Abierta, Inc., No. 23 Civ. 337 (VSB) (RWL), 2024 WL 2279166, at *4 (S.D.N.Y. April 16, 2024) (collecting cases). "Courts apply a multiplier, rather than just the standard license fee, to send a message that 'it costs less to obey the copyright laws than to violate them.'" Id.

The Court's balancing of all six factors demonstrates that awarding Minden's requested statutory damages of $30,000—which is at the top of the range in this District for online copyright infringement cases—is not warranted. Here, SCI infringed on one Copyright—the Work—and Minden has introduced evidence of comparable licensing fees for the photographers of the Work in the range of $1,000 to $3,100. Under these circumstances, the Court considers $7,500—or three times the average licensing fee—to be a "just" statutory damages award on the record Minden provided. 17 U.S.C. § 504(c)(1). See Sadowski, 2024 WL 2279166, at *4; Broadcast Music, Inc. v. R Bar of Manhattan, Inc., 919 F. Supp. 656, 660 (S.D.N.Y. 1996) (collecting cases awarding two to three times the unpaid licensing fee for copyright infringement); EMI April Music Inc., 2014 WL 325933, at *8 ("[T]he Court follows the lead of several courts in this Circuit and, given the aforementioned considerations of deterrence and [] willful infringement, deems it appropriate to triple [the unpaid license] fees, resulting in a statutory damages award" three times the unpaid license fees for copyright infringement); Realsongs, Universal Music Corp. v. 3A North Park Ave. Rest Corp., 749 F. Supp. 2d 81, 86–87 (E.D.N.Y. 2010) (same and awarding nearly three times the amount of unpaid license fees for copyright infringement). We therefore respectfully recommend that Minden be awarded statutory damages in the amount of $7,500.

### 5. Interest and Injunctive Relief

In the Complaint, Minden requested injunctive relief together with prejudgment and post-judgment interest (ECF No. 1 at 14–15) but did not address these forms of relief in the Corrected Damages Submission. (See ECF No. 37).

### a. **Prejudgment interest**

"The Copyright Act neither allows nor prohibits an award of prejudgment interest, and the issue of the permissibility of prejudgment interest is unresolved in this Circuit." Tetra Images, LLC v. Grahall Partners, LLC, No. 19 Civ. 5250 (PMH), 2021 WL 2809566, at *6 (S.D.N.Y. July 6, 2021) (quoting Capitol Recs., Inc. v. MP3tunes, LLC, No. 7 Civ. 9931 (WHP), 2015 WL 13684546, at *4 (S.D.N.Y. Apr. 3, 2015)). "District courts thus have the discretion to award or not award prejudgment interest in copyright cases and cases where other federal law is similarly neutral." Joe Brands LLC v. Edcmaker, No. 21 Civ. 5278 (LLS) (RWL), 2023 WL 8591613, at *4 (S.D.N.Y. Nov. 28, 2023), adopted by, 2023 WL 8763450 (S.D.N.Y. Dec. 19, 2023).

Here, "[a]s the authority to grant prejudgment interest is not clear"—and Minden did not elaborate on this issue—"the Court is not inclined to grant that relief." Tetra, 2021 WL 2809566, at *6; see Stokes v. MilkChocolateNYC LLC, 681 F. Supp. 3d 226, 234, 247 (S.D.N.Y. 2023) (adopting recommendation for denial of prejudgment interest on copyright infringement claims). Accordingly, we recommend no award of prejudgment interest.

### b. **Post-judgment interest**

The applicable federal statute provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court . . . calculated from the date of entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding . . . the date of the judgment." 28 U.S.C. § 1961. The Second Circuit has explained that an award of post-judgment interest is mandatory. See Schipani v. McLeod, 541 F.3d 158, 165 (2d

Cir. 2008).  Given the mandatory nature of post-judgment interest, we recommend an award of post-judgment interest to Minden in an amount consistent with 28 U.S.C. § 1961.

### c.  Injunctive relief

"Because [Minden] does not request injunctive relief in [its] inquest briefing, it is unnecessary to analyze whether it is appropriate to recommend an injunction against [SCI]." Sadowski v. Primera Plana NY, Inc., No. 18 Civ. 10072 (GBD) (OTW), 2019 WL 8362165, at *1 n.1 (S.D.N.Y. Oct. 16, 2019), adopted by, 2021 WL 5910407 (S.D.N.Y. Dec. 14, 2021).  (See ECF No. 28). "Regardless, [Minden] has submitted no evidence to support any form of injunctive relief."  Id. (citing Lane Crawford LLC v. Kelex Trading (CA) Inc., No. 12 Civ. 9190 (GBD) (AJP), 2013 WL 6481354, at *12 (S.D.N.Y. Dec. 3, 2013) (recommending denial of permanent injunction following default judgment where the plaintiff "fail[ed] to provide any briefing or case law to support the imposition of such broad equitable relief" in its inquest briefing), adopted by, 2014 WL 1338065 (S.D.N.Y. Apr. 3, 2014)).  We thus recommend that Minden's request for a permanent injunction be denied.

### 6.  Attorney's Fees and Costs

A court may award reasonable attorney's fees to a prevailing party in a copyright infringement action.  17 U.S.C. § 505.  An award of attorney's fees in a copyright action is "'not automatic'" to the prevailing party, but rather "a matter of the court's discretion."  Lucerne Textiles, Inc., 2013 WL 174226, at *4 (quoting Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994)). In analyzing whether to award attorney's fees under 17 U.S.C. § 505, the Court may consider factors including "(1) the frivolousness of the non-prevailing party's claims or defenses; (2) the party's motivation; (3) whether the claims or defenses were objectively unreasonable; and

(4) compensation and deterrence." <u>Whitehead</u>, 2019 WL 384446, at *4 (quoting <u>Bryant</u>, 603 F.3d at 144). The Court must give "substantial weight" to the third factor, objective unreasonableness. <u>Bryant</u>, 603 F.3d at 144.

Minden requests $4,815.00 in attorneys' fees (10.90 hours of work at a $450.00 hourly rate) and $749.22 in costs under 17 U.S.C. § 505. (ECF No. 38 at 3–4). Only one attorney recorded time on this matter—R. Terry Parker, Esq.—who has ten years of intellectual property litigation experience, "with a particular focus of late on copyright litigation[,]" and he has published a number of articles in the field. (ECF No. 38 at 4–5). Courts in this District have approved "rates of $350 to $500 for partners in copyright cases." <u>Romanowicz v. Alister & Paine, Inc.</u>, No. 17 Civ. 8937 (PAE) (KHP), 2018 WL 4762980, at *7 (S.D.N.Y. Aug. 3, 2018) (collecting cases), <u>adopted by</u>, 2018 WL 4759768 (S.D.N.Y Oct. 1, 2018). Parker provided a declaration noting his experience, a narrative of the work he performed, the amount of time he spent on each task associated with the case, and relevant case law demonstrating that his hourly rate and the time spent on this case is reasonable under the circumstances. (ECF Nos. 37 at 18–20; 38 at 4–5). We conclude that Parker's hourly rate and the hours he expended on this case are reasonable. We therefore respectfully recommend that Minden be awarded $4,815.00 in attorneys' fees.

Minden further requests $749.22 in costs for (1) the case filing fee of $402, and (2) service of process fees totaling $347.22. (ECF No. 38 at 4). The evidentiary record contains two receipts from a process server, showing payments of $164.00 on one occasion and $183.22 on another occasion (totaling $347.22). (ECF No. 38-5). Because both costs are reasonable under the circumstances, we respectfully recommend an award of $749.22 in costs. <u>See</u> <u>Romanowicz</u>, 2018 WL 4762980, at *7; <u>Whitehead</u>, 2019 WL 384446, at *6.

IV. **CONCLUSION**

For these reasons, we respectfully recommend that default judgment be entered against SCI, awarding Minden (1) statutory damages in the amount of $7,500 for copyright infringement, (2) attorneys' fees in the amount of $4,815.00, (3) costs in the amount of $749.22, and (4) post-judgment interest pursuant to 28 U.S.C. § 1961.  We further recommend that neither prejudgment interest nor a permanent injunction be awarded.

Dated:      New York, New York
            October 4, 2024

**SARAH L. CAVE**
**United States Magistrate Judge**

\*                    \*                    \*

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.  See also Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D) or (F)).  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  Such objections, and any response to objections, shall be filed with the Clerk of the Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b).  Any requests for an extension of time for filing objections must be addressed to Judge Ho.

**FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.**  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).