UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
:
MINDEN PICTURES, INC.,                                                   :
      Plaintiff,                           :
                 23-CV-10312 (DEH)
     -v-                                        :
:      ORDER ADOPTING
SUP CHINA, INC.,                                                         :      REPORT AND
      Defendant.                           :      RECOMMENDATION
:
------------------------------------------------------------------------ X

DALE E. HO, District Judge:

  This copyright infringement matter was referred to Magistrate Judge Cave for an inquest on damages.  In a Report and Recommendation filed on October 4, 2024, Magistrate Judge Cave recommended that default judgment be entered against Defendant, awarding Plaintiff (1) statutory damages in the amount of $7,500 for copyright infringement, (2) attorneys' fees in the amount of $4,815.00, (3) costs in the amount of $749.22, and (4) post-judgment interest pursuant to 28 U.S.C. § 1961.  Magistrate Judge Cave further recommended that neither prejudgment interest nor a permanent injunction be awarded.

  In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record.  *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).  This clearly erroneous standard also applies when a party

makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the Report and Recommendation advised the parties that they had 14 days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. In addition, it expressly called Defendant's attention to Rule 72 of the Federal Rules of Civil Procedure and Title 28, United States Code, Section 636(b)(1). Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made. Accordingly, Defendant has waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008).

Despite the waiver, the Court has reviewed the Report and Recommendation, unguided by objections, and finds the Report and Recommendation to be well reasoned and grounded in fact and law. Accordingly, the Report and Recommendation is adopted in its entirety.

SO ORDERED.

Dated: December 2, 2024
New York, New York

DALE E. HO
United States District Judge